UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| JERRY LOWE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:24-CV-415-TAV-JEM |
| U.S. MARSHAL SERVICE, BLOUNT COUNTY, TN, and THE CORPORATION OF BLOUNT COUNTY, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a federal prisoner housed at the Blount County Detention Center, filed (1) a complaint under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)[1] [Doc. 1] and (2) a motion for leave to proceed *in forma pauperis* [Doc. 4]. For the reasons set forth below, the Court **GRANTS** Plaintiff's motion and **DISMISSES** Plaintiff's complaint without prejudice.

**I.     MOTION TO PROCEED *IN FORMA PAUPERIS***

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee. *See* 28 U.S.C. § 1915(a). It appears from Plaintiff's motion to proceed *in forma pauperis* [Doc. 4] that

---

[1] *Bivens* extends the protections afforded under § 1983 to parties injured by federal actors. *See Evans v. Ball*, 168 F.3d 856, 863 n.10 (5th Cir. 1999) ("A *Bivens* action is analogous to an action under § 1983—the only difference being that § 1983 applies to constitutional violations by state, rather than federal, officials."), *overruled on other grounds, Castellano v. Fragozo*, 352 F.3d 939, 948–49 & n.36 (5th Cir. 2003).

he lacks the financial resources to pay the filing fee in a lump sum. Accordingly, pursuant to 28 U.S.C. § 1915, this motion will be **GRANTED**.

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this Memorandum Opinion and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk will also be **DIRECTED** to furnish a copy of this Memorandum Opinion and Order to the Court's financial deputy. This Memorandum Opinion and Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. SCREENING OF COMPLAINT

### A. Screening Standard

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation*

*v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

B. **Plaintiff's Allegations**

The United States Marshal Service ("USMS") placed Plaintiff in the Blount County Detention Center, where (1) there is no hot water; (2) inmates "live in filth"; (3) federal inmates are charged for medical services "the federal government has appropriated funds for"; (4) there is "black mold all in the ceilings in every pod[,]" which has caused Plaintiff to experience "rashes and breathing problems"; (5) there are "three and four" people in each two-man cell; (6) the food is cold and lacks sufficient protein; and (6) "[i]nmates are placed on suicide watch for punishment and left for weeks in cells covered in s**t and blood" [Doc. 1, p. 4]. The USMS and "The Corporation of Blount County" "turn a blind

3

eye to these problems and use this treatment as a means to force federal prisoners to plea out quicker" [*Id.*].

Aggrieved by these conditions, Plaintiff filed this action seeking removal of all federal inmates from the Blount County Detention Center, monetary damages, and an order requiring "Blount County to no longer violate the [r]ights of anyone in their jail" [*Id.* at 6].

### C. Analysis

To state a claim against any defendant, Plaintiff must establish that a "person" acting "under color of" state or federal law deprived him of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983 (requiring state action); *Webb v. United States*, 789 F.3d 647, 659 (6th Cir. 2015) (noting *Bivens* claim requires federal actor).

#### 1. Improper Defendants

Plaintiff sues the USMS, "The Corporation of Blount County[,]" and Blount County, Tennessee [*See generally* Doc. 1]. But "The Corporation of Blount County" is not a suable entity distinct from Blount County, and therefore, the Court will dismiss "The Corporation of Blount County" as redundant to Plaintiff's claims against Blount County. And Plaintiff cannot sustain a claim against USMS, as it is a federal agency that is not subject to suit. *Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471, 484–86 (1994); *Logue v. U.S. Marshals*, No. 1:13CV348, 2014 WL 4659497, at *6 (S.D. Ohio Sept. 17, 2014) (citing *Ctr. for Bio Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 820 (6th Cir. 2007) (holding that the USMS is immune from suit as agency of the United

4

States)). Accordingly, The Corporation of Blount County and the USMS are **DISMISSED**.

### 2. Blount County

Plaintiff also sues Blount County in its individual capacity [Doc. 1, p. 3]. But Blount County, a municipal defendant, is not subject to individual lability because it is not an individual. Nevertheless, the Court notes that a claim for municipal liability may proceed only where Plaintiff plausibly alleges that the policies or customs of the County caused violations of his constitutional rights. *Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of its official policies or established customs"); *see also Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011) (requiring plaintiff to plead "a policy or well-settled custom of the [County] was the 'moving force' behind the alleged deprivation" of his rights to impose municipal liability). Here, Plaintiff claims that Blount County has a policy or custom of "turn[ing] a blind eye to these problems and us[ing] this treatment as a means to force federal prisoners to plea out quicker" [Doc. 1, p. 4]. But Plaintiff does not advance any facts to support this belief, and the Court does not assume this conclusory allegation is true. *Iqbal*, 556 U.S. at 681 (providing conclusory allegations are "not entitled to be assumed true") (citing *Twombly*, 550 U.S. at 554–55); *see also Smith v. Gen. Motors*, LLC, 988 F.3d 873, 885 (6th Cir. 2021) (holding complaints cannot rest on conclusory allegations, but rather, "must set forth a factual basis for such belief"). Accordingly, Plaintiff's claims against Blount County are **DISMISSED**.

### 3. Plaintiff's Claims

Even though Plaintiff has not stated a claim against the named defendants, the Court considers the merits of Plaintiff's discrete conditions-of-confinement claims out of an abundance of caution. It is well settled that prisoners subjected to the "unnecessary and wanton infliction of pain," inflicted with "deliberate indifference," have suffered a violation of their rights under the Eighth Amendment. *Whitley v. Abers*, 475 U.S. 312, 319 (1986); *Hudson v. McMillan*, 503 U.S. 1, 8 (1992). A prison official acts with deliberate indifference when the official knows of and disregards an excessive risk to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). This standard applies to prison conditions, as well as to prisoner punishments. *See Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981).

However, "[t]he Constitution does not mandate comfortable prisons." *Id.* at 349. Rather, only "extreme deprivations" that deny a prisoner "'the minimal civilized measure of life's necessities" will establish a claim. *Hudson*, 503 U.S. at 8–9 (citations and quotations omitted). Prison authorities may not, however, "ignore a condition of confinement that is sure or very likely to cause serious illness and needless suffering the next week or month or year." *Helling v. McKinney*, 509 U.S. 25, 33 (1993). In examining such claims, the court must determine whether the risk of which the plaintiff complains is "so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Id*. at 36 (1993); *see also Rhodes*, 452 U.S. at 347.

First, while Plaintiff generally complains about the conditions under which he is incarcerated, he has not set forth any factual allegations that would allow the Court to infer that he has suffered any harm or decline in health from the alleged lack of hot water or cleaning supplies, sleeping arrangements, or food at the Blount County Detention Center. Therefore, nothing in his complaint suggests that these circumstances have created an unreasonable risk of damage to Plaintiff's health. *See Twombly*, 550 U.S. at 555, 570 (holding that an allegation that creates the possibility that a plaintiff might later establish undisclosed facts supporting recovery does not state a plausible claim for relief).

Second, Plaintiff claims that he has experienced "rashes and breathing problems" due to black mold at the facility [Doc. 1, p. 4]. But Plaintiff merely attributes these vague physical symptoms to the presence of mold in the facility's ceiling without setting forth any basis for this assumption. Nor does his complaint contain any supporting allegations (such as an assertion that the mold is airborne), that would permit an inference that the mold "created a substantial risk to his health." *See Rogers v. Maclaren*, No. 1:20-cv-263, 2020 WL 3481541, at *8 (W.D. Mich. June 26, 2020). Instead, Plaintiff's general "allegations about the presence of mold do not demonstrate the existence of a sufficiently serious risk to prisoner health." *Id.* And even so, as the Court noted above, Plaintiff has not alleged any facts permitting the inference that the condition was caused, or is being sustained by, a custom or policy of Blount County.

Next, Plaintiff complains that he is charged for medical services [Doc. 1, p. 4]. But Plaintiff has not been deprived of any constitutional right by a policy requiring payment for medical expenses. *See Reynolds v. Wagner*, 128 F.3d 166, 173–74 (3rd Cir. 1997)

7

(holding deliberate indifference standard does not guarantee prisoners the right to be entirely free from cost considerations that figure in medical-care decisions made by most non-prisoners in society); *Bailey v. Carter*, 15 F. App'x 245, 250–51 (6th Cir. 2001) (holding policy requirement of payment for medical services, where funds are available, does not violate an inmate's constitutional rights); *Roberson v. Bradshaw*, 198 F.3d 645, 647 (8th Cir. 1999) (requiring inmates to pay for their own medications if they can afford to do so is not a federal constitutional violation).

And finally, Plaintiff complains that inmates at the Blount County Detention Center are placed on suicide watch as a punitive measure [Doc. 1, p. 4]. But he does not allege that he has been placed on suicide watch, and he cannot assert the constitutional rights of other inmates. *Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989) (holding that a "a prisoner who initiates a civil action challenging certain conditions at a prison facility in his individual capacity is limited to asserting alleged violations of his own constitutional rights and . . . lacks standing to assert the constitutional rights of other prisoners").

Accordingly, Plaintiff's complaint fails to state a claim upon which relief may be granted, and it will be **DISMISSED without prejudice**.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

8

4. Plaintiff's complaint will be **DISMISSED without prejudice** for failure to state a claim upon which § 1983 relief may be granted and for seeking monetary relief against a defendant who is immune; and

5. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

9

Case 3:24-cv-00415-TAV-JEM    Document 7    Filed 10/31/24    Page 9 of 9    PageID #: 34